## HUTCHINS v. ROUNDTREE, *Appellant.*

1. **Covenant of Warranty**: DAMAGES RECOVERABLE UPON BREACH. The general rule is that for a breach of covenant of seizin and warranty, the measure of damages is the purchase money with interest. But where the covenantee has had possession and use of the premises he can recover no interest for any period prior to his eviction without proof that he has responded to his evictor for mesne profits, and then only for such period as he shall have so responded, which, under our statute of ejectment, (R. S. 1879, § 2252,) can in no case be longer than five years.

2. ———: COSTS. There is no question of the right of a covenantee evicted by law to recover the costs of the suit if he gave notice of its pendency to the grantor or his legal representative.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Foster P. Wright* for appellant.

Where plaintiff in an action of covenant of seizin has had the use of the premises, and ceased to be accountable for the use, the rule of damages is the purchase money without interest. *Flint v. Steadman*, 36 Vt. 210; *Collier v. Gamble*, 10 Mo. 468; *Dickson v. Desire*, 23 Mo. 163; *Pres-*

*cott v. Trueman,* 4 Mass. 627; *Wyman v. Ballard,* 12 Mass. 304; *Staats v. Ten Eyck,* 3 Cai. 111.

*F. S. Heffernan* for respondent.

The measure of damages is the purchase money and six per cent interest. *Hall v. Bray,* 51 Mo. 288. The rule which limits the recovery in an action upon the covenant of seizin, to a nominal sum, until there has been an actual eviction, does not apply when the title conveyed has entirely failed, and the grantee holds an adverse title. *Lawless v. Collier,* 19 Mo. 481; *Alexander v. Schreiber,* 10 Mo. 460; *Greenby v. Wilcocks,* 2 Johns. 1; *Hamilton v. Wilson,* 4 Johns. 72; *Abbott v. Allen,* 14 Johns. 248; *Chapman v. Holmes,* 5 Halst. 20; *Stewart v. Drake,* 4 Halst. 139; *Murphy v. Price,* 48 Mo. 247; 4 Kent's Com., 477; *Dickson v. Desire,* 23 Mo. 151; *Frazier v. Supervisors of Peoria,* 74 Ill. 282; *Collins v. Thayer,* 74 Ill. 138. The general rule is the consideration paid with interest. *Hartford, etc., Co. v. Miller,* 41 Conn. 112; *Illinois v. Anderson,* 73 Ill. 439; *Herndon v. Harrison,* 34 Miss. 486; *Blossom v. Knox,* 3 Chandl. (Wis.) 295; *Wheiting v. Nissley,* 13 Pa. St. 650; *Nutting v. Herbert,* 37 N. H. 346; 35 N. H. 120. And it seems the measure there is the same for breach of the covenants of warranty of enjoyment. *Foster v. Thompson,* 41 N. H. 373; *Wilson v. Wilson,* 5 Fost. (N. H.) 229. In Massachusetts the question was discussed at length in an action on the covenant of seizin and good right to convey. It was held the general rule is the consideration paid with interest from date of the deed. *Smith v. Strong,* 14 Pick. 128.

Philips, C.—This case originated in the probate and common pleas court of Greene county, upon a demand for allowance in favor of respondent against the estate of Thos. Roundtree, deceased, upon a breach of covenant of warranty to forty acres of land conveyed by decedent to respondent in April, 1865. The demand was presented

and tried at the April term, 1879, on the following agreed statement of facts:

"It is admitted for the purposes of this trial, that Z. M. Roundtree is the administrator of the estate of Thomas Roundtree, deceased,. for the breach of whose covenant this action is had; that the deed of decedent to plaintiff was made and delivered to plaintiff on the 13th day of April, 1865; that the forty acres of land for the loss of which this suit is pending, cost, at the date of said deed, $433.20; that plaintiff took possession of said forty acres under and by virtue of said deed, and held the possession of the same to his own use, till about two months ago, when the eviction complained of took place; that there was at the date of said deed of said Roundtree, deceased, to plaintiff, outstanding paramount title to said forty acres, by reason of which such eviction took place as above stated; that plaintiff spoke to defendant Z. M. Roundtree, as administrator of Thomas Roundtree, deceased, about the suit in ejectment as soon as it was brought, in which the eviction took place afterward, but the defendant Roundtree declined to have anything to do with the defense of said suit of ejectment; that plaintiff made an arrangement with the guardian (one J. L. McCracken) of the minor heirs of said deceased, by which said guardian agreed to assist and did assist plaintiff in the defense of said ejectment; that said Thomas Roundtree died about the 1st day of January, 1870, and that said Z. M. Roundtree, the defendant, took letters on the estate of said Thomas Roundtree, deceased, on the 10th day of January, 1870; and gave notice of the grant of said letters to him as such administrator within thirty days after the date thereof; and is still proceeding with the administration of said estate for the purposes of said claim, though he has distributed a large portion of the estate under the order of the probate court to the heirs of said deceased."

The above was all the evidence in the case in the probate court. The court, at the instance of the plaintiff,

gave the following declaration of law, to-wit : "That the plaintiff is entitled to a judgment for the amount originally paid for the land, and six per cent interest from the date of the purchase until now;" to the giving of which the defendant at the time objected and excepted.

The court then refused the following declarations of law asked by defendant, to-wit:

1. That in warranties of seizin, if at the time the warranty is made there is outstanding paramount title, a breach exists from the date of delivery of the deed, the damages, however, being only nominal, if there is seizin in the covenantee, but if no seizin follow, the damages are real and is the purchase money and interest.

2. That when seizin follows the warranty, until the eviction takes place there is nothing but nominal damages, and inasmuch as the purchaser may quiet his title by buying in the outstanding title at its reasonable value, the value of the land at the time of the eviction or purchase of outstanding title would be the criterion of damages.

3. That inasmuch as Thomas Roundtree, the warrantor, was dead at the time of the eviction in this case, and the cause of action did not exist at his death, the remedy is against his legal and not his personal representatives.

4. That the testimony showing that the administrator refused to have anything to do with the defense of Norfleet and others against Hutchins, he is not responsible for the costs.

These declarations of law were refused, and the defendant excepted. The court then rendered a judgment of allowance against the estate for $840.95; $433.20 of which was for the purchase money; $364.95 for interest on the same from said 13th of April, 1865, to May 30th, 1879, and $42.80 for costs alleged to have accrued in the ejectment suit in which the title to the forty acres was tried. Defendant filed a motion for a new trial which was overruled, and defendant excepted, and took the case to the

circuit court of Greene county by appeal. At the next Greene circuit court, and on the 13th day of June, 1879, the case came on to be heard, in that court, both parties appearing by their respective counsel. The judgment entry in the circuit court is : "And the court, after hearing the argument of counsel, and an examination of the errors assigned by the appellant, and fully considering the same, doth order, adjudge and decree, that the judgment of the probate and common pleas court be and the same is hereby affirmed, with direction that the clerk of this court certify the same back to the probate and common pleas court of Greene county, for further action of said court." There was no trial *de novo*, nor did the court hear any evidence. After an ineffectual motion for new trial, the administrator appealed to the Supreme Court.

It is unimportant to determine the preliminary questions raised by the appellant as to the statute under which the proceeding in the probate court should have been conducted, or as to the regularity of the action of the circuit court in not trying the case *de novo*. The whole issue is in the agreed statement of facts and the law arising thereon. The interests of justice will best be subserved in deciding the case on its merits.

The real question presented for determination is as to the measure of damages. The rule is generally stated that

1. COVENANT OF WARRANTY: damages recoverable upon breach. for a breach of covenant of seizin and warranty the covenantee is entitled to recover from the covenantor the original purchase money with interest. But is this arbitrarily so, to be applied universally to every case ? The primary object in establishing this measure of compensation is to place the parties as nearly as may be in the situation they occupied at the time of the execution of the contract. The restitution of the purchase money, therefore, naturally occurs. And as the vendor has had the use of the money, the interest is exacted for this use, upon the ground that this is the vendee's actual loss. Sedgwick on Dam., (176) 347.

But this is simply the measure—the maximum, and not the minimum, of damages. If the loss in fact is less than the consideration, the grantee can only recover the actual loss. Sedgwick on Dam., *supra*, and p. 348 (7 Ed.) Where, after eviction, the grantee buys in the paramount title, he can only recover from his covenantor the sum paid for the superior title, provided it be less than the original purchase money and interest. *McGary v. Hastings*, 39 Cal. 360 ; *s. c.*, 2 Am. Rep. 456. Between vendor and vendee the conceded rule is to regard the interest the equivalent of the use of the land and, *e converso*, the use of the land the equivalent of the use—the interest—of the purchase money. *Frazier v. Supervisors of Peoria*, 74 Ill. 282 ; *Collins v. Thayer*, 74 Ill. 138; *Lawless v. Collier*, 19 Mo. 485. On principle then, why should a grantee who has entered under the deed, used and enjoyed the land, as in the case at bar, for fourteen years uninterruptedly, recover from his grantor interest during that period? The grantor has had the use of the money, and the grantee the land; the interest of the one is in law, without other proof, deemed the equivalent of the rental of the other. In *Spring v. Chase*, 22 Me. 510, the court hold this to be a presumption of law, and, therefore, conclusive. And this is supported by other authorities. *Rich v. Johnson*, 2 Pin. (Wis.) 88.

The reason of the rule for allowing both the purchase money and interest as the measure of damages is "because the party takes nothing by his deed;" being in its inception and continuation a nullity. But if in fact the grantee takes something, as the possession, and enjoys it, the reason of the rule ceases, so far as the interest is concerned. *Hartford & S. O. Co. v. Miller*, 41 Conn. 130. And this accords not only to the philosophy of the principle of compensation, but to the letter of the usual covenants of the deed for seizin and further assurance. In case of eviction the grantee loses the estate and is entitled to have back the consideration paid; but as he obtained and enjoyed the

possession, the covenant of seizin was in part performed, equal to the interest on the purchase money.

The controlling reason assigned for permitting the covenantee to recover interest, notwithstanding his use of the premises, is that he is answerable to the true owner in case of eviction for the mesne profits. It must result, therefore, inevitably from this premise, that where the mesne profits are not recoverable no interest is recoverable, where the vendee has held possession. There should not be both usance and use in the grantee.

Section 13, chapter 151, General Statutes 1865, provides that "If the plaintiff prevail in the action, he shall recover damages for all waste and injury, and, by way of damages, the rents and profits, down to the time of assessing the same, or to the time of the expiration of the plaintiff's title, under the following limitations: 1st, When it shall not be shown on the trial that the defendant had knowledge of the plaintiff's claim prior to the commencement of the action, such recovery shall be only from the time of the commencement of the action; 2nd, When it shall be shown on the trial that the defendant had knowledge of the plaintiff's claim prior to the commencement of the action, and that such knowledge came to the defendant within five years next preceding the commencement of the action, such recovery shall be from the time that such knowledge came to the defendant; 3rd, When it shall be shown on the trial that knowledge of the plaintiff's claim came to the defendant more than five years prior to the commencement of the action, such recovery shall only be for the term of five years next preceding the commencement of the action." R. S. 1879, § 2252.

Under this statute, the ejector holding the paramount title could in no event recover rentals for a longer time than "five years next preceding the commencement of the action." Between that and the time of commencing the action, he can recover no rents prior to the knowledge of his claim coming to the tenant. So that in case of breach

of covenant and eviction in such case, no interest can be allowed on the purchase money for a period exceeding five years ; and as anterior to the institution of the suit the plaintiff would not be entitled to rents and profits without proof made that the tenant had knowledge of the claim, there would be no presumption in law, in the event of eviction, that he had recovered any rents, etc., back of the day of bringing suit. And, therefore, in action on covenant for the breach against his grantor, by merely making proof that on a day given, he was evicted, he would not show a right to recover interest in a case where under his deed he had held and used the premises to the day of eviction.

The agreed statement of facts in this case recites " that plaintiff took possession of said forty acres under and by virtue of said deed and held possession of the same to his own use till about two months ago, when the eviction complained of took place." So it is conceded that up to the ejectment the respondent had the use. There is no evidence of any recovery of mesne profits, nor of any knowledge on the respondent's part prior " to the commencement of the action," of the outstanding claim. Why, then, should the covenantee, in such case recover interest for a period of fourteen years, as he did in this case, or for any period, prior to the eviction ? While there has been no direct adjudication of this question by the Supreme Court of this State, yet in *Lawless v. Collier,* 19 Mo. 485, 486, Scott, J., with his characteristic strong sense of justice, asserts as correct the principle of this opinion. Leonard, J., in *Dickson v. Desire,* 23 Mo. 167, asserts that whether the grantee " be entitled to interest on the purchase money depends upon circumstances;" and he refers to *Lawless v. Collier* as authority. In *Flint v. Steadman,* 36 Vt. 211, it is held that where the covenantee " had the use of the premises, and held them in a manner to be relieved from accountability for their use, the rule of damages will be the purchase money without interest." This accords with a

sense of right; and entertaining these views, under the facts of this case, I hold that the probate and circuit courts erred in charging the estate of the decedent with any interest prior to the eviction.'

The courts below also allowed the sum of $42.80 for .costs accrued in the ejectment suit.   There is no question of the right of an evicted grantee to recover 2. ——— : costs. such costs where he gave notice to the grantor or his legal representative of the pendency of the ejectment suit. This notice seems to have been given in this case; but there was no evidence in the agreed statement of facts as to the amount of such costs, or that any costs were paid by the plaintiff, in this action.   So this part of the judgment was without evidence to support it.

The judgment of the probate court and the circuit court were, therefore, erroneous, and the same are reversed and the cause is remanded to the circuit court, with directions to certify the case back to the said probate court of Greene county, with directions to proceed to enter up judgment in accordance with this opinion.   All the commissioners concur.