FRED KREPP et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 17, 1903.**

1. Contract: SALE OF LAND: DECREE: TITLE TO REAL ESTATE: PRACTICE, TRIAL. A petition alleged that plaintiff purchased of defendant 400 acres of land, and took possession after payment, but that defendant, prior to the sale, had sold forty acres to another, and the prayer was that defendant be divested of title to the remaining 360 acres, and plaintiff have damages for the value of forty acres; the answer admitted both sales and that defendant had offered to rescind the contract and refund the purchase money, or make a deed to the 360 acres, and return the purchase price of the forty acres. *Held,* that a decree divesting title out of defendant to 360 acres, and investing plaintiff with title thereto, was proper having been authorized by the pleadings and consented to by defendant.

2. ——: ——: ——: ——: JUDGMENT: ERROR. The petition alleged that plaintiff had purchased land of defendant and paid for the same, and that defendant had previously sold a part of the land to another. The first count prayed that plaintiff be invested with title to that portion not previously sold, and the second count was for damages for breach of contract as to that portion previously sold. The judgment was double, there being, first, a decree divesting title; and, second, a judgment for damages and interest. The judgment recited that the decree was on the first count, and that the money judgment was on the second, and showed that the decree on the first count was the result of a submission of issues on that count to the court; and that the judgment on the second count was the result of the verdict of a jury. *Held,* that there was no erroneous confusion or intermingling of the two judgments.

3. **Vendor and Vendee: DAMAGES: CONTRACT FOR THE SALE OF LAND: BREACH OF CONTRACT.** In an action by the vendee of land for damages for a breach of contract to convey, the measure of damages is not the purchase price paid, with legal interest, but the actual value of the land at the time it should have been conveyed.

4. ———: ———: ———: **INSTRUCTION: MEASURE OF DAMAGES.** Where, in an action for damages for breach of contract to convey land, the court gives an erroneous instruction, as to the measure of damages, but the right result was reached by the jury, the error was harmless.

5. ———: ———: ———. Where in an action for breach of contract to convey certain land for which plaintiff had paid, the evidence shows that plaintiff had used water, from the time of the purchase, from a spring on the land for domestic purposes and for his stock, and that he had had possession under fence, and had never been disturbed, plaintiff was not entitled to interest on the sum paid for the land.

6. ———: ———: ———: ———: **JURISDICTION OF COURT OF APPEALS.** A petition alleged that plaintiff having purchased certain land of defendant, paid therefor and took possession, and the prayer was that title be vested in plaintiff, the answer did not deny the allegations of plaintiff's petition. *Held*, that there being no dispute of title involved, the Court of Appeals had jurisdiction of the appeal.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

STATEMENT.

The first count of the petition alleges in substance that on the twelfth day of March, 1901, the defendant (a corporation) sold to the plaintiffs four hundred acres of land (describing it) situated in the county of Pulaski, Missouri, at $1.50 per acre or for $600; that plaintiffs immediately paid the purchase price and entered into possession of the land; that defendant, prior to making the sale to plaintiffs, had sold and conveyed the most valuable forty acres of the tract (describing it) to one Nesbit and for that reason was unable to

make a deed to plaintiffs for said forty acres. The prayer of this count is that defendant be divested and plaintiffs invested with the title to the remaining three hundred and sixty acres, which it is alleged defendant had the title to and was able to convey.

The second count is for the recovery of three hundred dollars alleged to be the value of the Nesbit forty acres.

The answer admitted the sale of four hundred acres of land to plaintiffs at one dollar and fifty cents per acre and the payment of the purchase money; admitted that prior to making the contract of sale with plaintiffs it had sold forty acres included in the four hundred to Nesbit; alleged that this was done through the neglect of the persons in charge of its land department to note on the land books of defendant the sale to Nesbit as should have been done; that as soon as the mistake was discovered it immediately notified plaintiffs thereof and offered to rescind the contract and return the purchase money with interest, or to make plaintiffs a deed to the three hundred and sixty acres to which it had a title and to return the purchase price (sixty dollars) of the Nesbit forty acres with legal interest, but that plaintiffs refused both offers; alleged that the whole tract, including the Nesbit forty, was sold to plaintiff at one dollar and fifty cents per acre and consented that a decree might go divesting it of title to the three hundred and sixty acres and investing the title thereto in plaintiffs and tendered in court sixty dollars the alleged purchase price of the Nesbit forty acres and interest thereon.

The reply was a general denial.

The issues on the first count of the petition were, by agreement of parties, submitted to the court. A jury was called to try the issues on the second count and all the evidence on both counts was taken and heard on the trial of the issues to the jury on the second count.

The evidence for plaintiff tended to prove that the four hundred acres purchased by plaintiffs from defendant were worth from five hundred to five hundred and fifty dollars and that the Nesbit forty acres were worth from one hundred and seventy-five to two hundred dollars.

The evidence for defendant tended to prove that at the time the four hundred acres were sold to plaintiffs it was believed by the agent, who made the sale, that defendant had title to the whole of the four hundred acres and that the sale was made in good faith; that in fact at the time the sale was made forty acres of the tract had prior thereto been sold to one Nesbit and that through an oversight of the persons in charge of defendant's land department the sale to Nesbit had not been recorded.

Defendant offered the following instructions:

"The court declares the law to be, and so instructs you that if you believe from the evidence, the defendant, on December 10, 1900, sold and agreed to convey the southeast quarter, southeast quarter, section 10, township 37, range 12, to A. M. Nesbit, and by mistake afterwards, in good faith, agreed to sell and convey the 400 acres described in the petition, and which includes the aforesaid forty acres to these plaintiffs, and upon discovering such mistake, notified the plaintiffs of such mistake, and offered to rescind the contract; then, in that event, the plaintiffs, by insisting on a conveyance of the 360 acres elected to accept the land at the contract price with an abatement or reduction of the contract price of the said forty acres, and if you believe from the evidence that sixty dollars was the contract price of said forty acres, then the plaintiffs are only entitled to recover said contract price with interest from March 12, 1901, to this date, at six per cent per annum.

"The court instructs the jury that under the plead-
Vol 99 app—7

ings in this case, and the evidence, the purchase price of the southeast quarter of the southeast quarter, section 10, township 37, range 12, is sixty dollars, and the plaintiff's measure of damages is sixty dollars with interest at the rate of six per cent from March 12, 1901, up to this time, and your verdict will be for plaintiffs, and will be for that amount and no more," which the court refused.

The court instructed the jury as follows:

"1.  The court instructs the jury that it is admitted and shown that the defendant contracted to the plaintiffs 400 acres of land for the sum of $600, and that the title to the southeast quarter of southeast quarter of section 10, township 37, range 12, which was included in said contract, was not at said time in defendant.  You will find the issues for the plaintiffs and assess their damages at what you find from the evidence to be the proportionate value of said southeast quarter of southeast quarter of said section 10, upon the basis of a value of $600 for the whole tract, with interest on said sum at the rate of six per cent per annum from March 12, 1901, to the present time.

"2.  The court, however, further instructs that if you find from the evidence that the value of the whole tract sold was at the time of such sale less than the contract price, to-wit, $600, then in such case you will find for the plaintiffs the proportionate value of said southeast quarter of southeast quarter of said section 10, upon the basis of the value you find from the evidence to be the value of the whole tract at the time of the sale, which shall in no case exceed the actual value of said southeast quarter of southeast quarter of said section 10 at the time of the contract, with interest thereon at six per cent from March 12, 1901, to this date."

The jury returned the following verdict:

"We, the jury, find the issues for the plaintiff, and

assess his damages at $175 and interest at the rate of six per cent from March 12, 1901.''

The court entered a decree divesting defendant of its title to three hundred and sixty acres of the land sold by it to plaintiffs and investing plaintiffs with the title thereto and rendered a money judgment in plaintiffs' favor on the second count for one hundred and seventy-five dollars as damages and ten dollars and twenty-five cents as interest thereon from the twelfth day of March, 1901, to the fifth day of March, 1902, the day of the trial.

The decree of divestiture and the money judgment were entered as one judgment. Defendant filed timely motions for new trial and in arrest which were by the court overruled and defendant duly appealed.

*L. E. Parker* and *J. T. Woodruff* for appellant. '

(1) The general rule in this State, as to the measure of damages, on a complete failure of title, is the purchase price with six per cent interest thereon from the date of the eviction. Lambert v. Estees, 99 Mo. 604; Hutchens v. Rountree, 77 Mo. 500; Hazelitt v. Woodruff, 150 Mo. 534. (2) When, as in this case, the plaintiffs were in possession of the property, and there was no evidence that they had accounted to the person holding the superior title, for the rents and profits, they were not entitled to recover interest. And the court erred in so instructing the jury. Hutchens v. Rountree, 77 Mo. 500; Pence v. Gabbert, 70 Mo. App. 201. (3) The verdict of the jury being for $175, the judgment should have been rendered for that amount. The clause in the verdict, viz., ''and interest at the rate of six per cent from March 17, 1901,'' did not authorize the court to compute the interest from March 17, 1901, until the day of the trial, and render judgment for $185.25, as was done by the court in this case. This point has been squarely passed on by the Supreme

Court. Dozier v. Jerman, 30 Mo. 216; Ranney v. Bader, 48 Mo. 539. (4) As the judgment in this case divests the title to the three hundred and sixty acres out of the appellant and vests the same in the respondents, it is a case involving the title to real estate and the case should have been certified to the Supreme Court. Force v. Van Patton, 149 Mo. 446; Cox v. Barker, 150 Mo. 424; Price v. Blankenship, 144 Mo. 203; Edwards v. Ry. Co., 149 Mo. 514; Balz v. Nelson, 86 Mo. App. 375.

- *J. L. Johnson* and *G. M. Reed* for respondents.

(1) "The measure of damages in this case should be the purchase price with six per cent from the date of eviction." And in support of this theory appellants cite: Lambert v. Estees, 99 Mo. 604; Hutcheson v. Rountree, 77 Mo. 500; Hazelett v. Woodruff, 150 Mo. 534. The court will observe that all these authorities refer to actions for breach of covenants expressed in deeds. A different rule applies as to the measure of damages for a breach of contract from the one as to breach of covenant on failure of title. (2) The case at bar is an action for damages for breach of a simple contract and the same rule applies as to the measure of damages to the sale of real property as it does to personal property. Kirkpatrick v. Downing, 58 Mo. 32; Hartzell v. Crumb, 90 Mo. 629, and cases therein cited. (3) The Supreme Court of the United States in Hopkins v. Lee, 6 Wheat. 109, says: "The rule is settled in this court that in an action by the vendee for a breach of contract on the part of the vendor for not delivering the article, the measure of damages is the price at the time of the breach. The price being settled by the contract, which is generally the case, makes no difference nor ought it to make any, otherwise the vendor, if the article has risen in value would always have it in his power to discharge himself from his contract and put

the enhanced value in his pocket. Nor can it make any difference in principle whether the contract be for the sale of real or personal property. . . . In both cases the vendee is entitled to have the thing agreed for at the contract price and to sell it himself, at the increased value. If it be withheld the owner ought to make good to him the difference."

BLAND, P. J.—1. The decree, divesting title out of defendant to three hundred and sixty acres of land and investing plaintiffs with the title thereto, was not only authorized by the pleadings, but was consented to by the defendant and furnishes no ground for complaint, nor do we see any valid ground for the complaint of defendant that the two judgments are rendered in one and the same decree and entry of record. It is true that the judgment is double. It is, first, a decree divesting and investing title to real estate and, second, a judgment for damages and interest, but they are separately stated and clearly distinguished. The judgment recites that the decree is one on the first count and recites that the money judgment is on the second count of the petition, and it shows that the decree on the first count was the result of a submission of the issues on that count to the court and that the judgment on the second count was the result of the verdict of the jury on a trial of the second count. There is no more confusion or intermingling of the two judgments than if each had been separately set forth in full on the record by separate and distinct entries.

2. The chief contention of the parties is in respect to the measure of damages on the second count of the petition. Defendant contends that the purchase price of the Nesbit forty acres, to-wit, one dollar and fifty cents per acre, with legal interest, is the correct measure of damages. On the other hand, plaintiffs claim that they are entitled to the benefit of their bargain and to recover the actual value of the land at the

time that it should have been conveyed. In actions for breach of warranty of title the measure of damages is the purchase price with interest. Lambert v. Estes, 99 Mo. 150; Hutchins v. Roundtree, 77 Mo. 500; Hazelett v. Woodruff, 150 Mo. 534.

The same rule does not apply where the action is for a breach of contract to convey land, but the rule adjusts itself to the varying conditions of each case to afford compensation to the wronged vendee.

In Kirkpatrick v. Downing, 58 Mo. 32, WAGNER, J., reviewed the conflicting authorities as to the measure of damages in such cases and approved the following rules as sustained by the best considered cases. First, that when the vendor is able to comply with the contract, but for any reason refuses to do so, the vendee should recover not only the deposit (or the purchase price paid and expense of investigating title), but damages for loss of his bargain, and that the measure of damages was the profits which it was shown he could have made on a resale. Second, that where a party contracts to sell and he has no title, the vendee is entitled to recover his expense, and beyond this damages for the loss of his bargain. Third, when the vendee has not actually tendered performance or made an available tender, but in consequence of the acts of the vendor, or otherwise is still entitled to maintain a suit for breach of the contract on the part of the vendor in not conveying, the measure of damages would be the difference between the contract price and the value of the land at the time of the breach. Fourth, where there is no evidence given showing any change in the situation, the consideration paid and interest will be taken as the correct value of the land, but where there is evidence given showing a change in the value of the land, the value at the time the breach occurred and when the conveyance ought to have been made, shall furnish the standard of damages.

In Hartzell v. Crumb, 90 Mo. 629, following the

Kirkpatrick case, and the case of Hopkins v. Lee, 6 Wheat. 109, it was held that it makes no difference in principle whether the contract be for real or personal property. In both cases the vendee is entitled to have the thing agreed for at the contract price and to sell it himself at its increased value; if it be withheld, the owner ought to make good to him the difference. The court further held that the good or bad faith of the vendor should be excluded from consideration in estimating the damages, refusing to follow Flureau v. Thornhill, 2 W. Black 1078, and other cases following the doctrine of that case.

In Matheny v. Stewart, 108 Mo. 73, the cases of Hartzell and Kirkpatrick were followed and approved.

In McGee et al. v. Bell et al., 70 S. W. 493, the Missouri Supreme Court, in banc, held that where a grantor fraudulently represented to the vendee that the tract of land sold contained eighty acres, whereas it contained but sixty-one acres, the grantee might retain the land purchased and recover for the discrepancy and that it was not error to estimate the measure of his recovery at the amount per acre for which the whole tract sold; that, in the absence of proof to the contrary, the measure of recovery was such a portion of the entire price as the amount lost is to the entire tract.

Whatever may be the rule elsewhere, we think the cases above cited from this State establish the same rule here for the measure of damages for the breach of a contract to convey land (where the vendor had no title) as is applied for the measure of damages for a breach of contract to convey personal property, that the plaintiffs were entitled to the benefit of their bargain; that is, that if the Nesbit forty acres, which plaintiffs bought at one dollar and fifty cents per acre and paid for, was actually worth one hundred and seventy-five dollars, then they were entitled to recover its actual value at the time it should have been conveyed, irrespective of the

good or bad faith of the defendant in making the sale.

Neither of the instructions given or refused announced the correct rule for the measure of plaintiff's damages, but the verdict is supported by the uncontradicted evidence of a number of witnesses, who were not impeached. . They testified that they resided either adjoining or near the four-hundred-acre tract, and all testified that the Nesbit forty was the most valuable of the ten forties in the entire tract. The least estimate of its value by any of them was one hundred and seventy-five dollars, so that notwithstanding error in the instructions as to the measure of damages, the verdict is manifestly for the right party and for the correct amount.

3. In respect to the interest, the evidence shows that plaintiffs had built their dwelling near the Nesbit forty; that they had used water all the time from a spring on that forty for domestic purposes and also for their stock; that they had all or a portion of the forty under fence and had never been disturbed in their possession. Plaintiffs were not entitled to both the use of the land and to interest (Hutchins v. Roundtree, supra), and the ten dollars and twenty-five cents allowed as interest should be remitted.

In this view of the case it is unnecessary to decide whether or not this clause in the verdict, to-wit, "and interest at the rate of six per cent from March 12, 1901," authorized the court to calculate interest on the damages awarded (one hundred and seventy-five dollars) and render judgment for both damages and interest.

4. It is insisted that as the judgment divested title to real estate, this court has no jurisdiction of the cause of action. It is only where the title is in dispute and in issue that this court is denied jurisdiction in suits concerning real estate. There is no controversy here about the title to the land, no dispute as to any of the material facts of the transaction and the defendant in its answer consented that the circuit court might render

the very judgment it did render, divesting it of title to three hundred and sixty acres of the land. An issue of fact is made by an affirmative allegation of its existence by one party and the denial of that allegation by the opposite party. No such allegation or denial concerning title to any of the real estate involved in litigation, is found either in the petition or answer. We, therefore, conclude that this court has jurisdiction of the appeal.

The judgment on the first count is affirmed. As the plaintiff's were not entitled to the recovery of interest on the second count, the judgment will be reversed and remanded on that count, unless within ten days from the date of the filing of this opinion, the plaintiffs remit ten dollars and twenty-five cents from that judgment. If the remittitur is entered within ten days, the judgment on the second count will also stand as affirmed. *Reyburn* and *Goode, JJ.*, concur.