### Robert McCabe, Appellee, v. Atchison, Topeka & Santa Fe Railway Company, Appellant.

### Gen. No. 5186.

1. APPEALS AND ERRORS—*how record of trial court cannot be shown.* The state of the record of the trial court cannot be shown by affidavits of counsel.

2. MEASURE OF DAMAGES—*in action for unreasonable delay in transporting by carrier.* In such a case the measure of damages is the difference between the market value of the goods at destination at the time when they should have arrived there if moved with reasonable diligence and the market value of the same goods at destination at the time when they actually did arrive there.

3. INSTRUCTIONS—*must be predicated upon the pleadings.* An instruction is improper which is not predicated upon the pleadings in the cause.

4. COMMON CARRIERS—*obligation with respect to delivery.* Carriers by railroad are not bound to deliver the goods carried to the consignee personally, or give notice of their arrival, to discharge their liability as carriers, but when the goods have reached their destination if the consignee is not personally present to receive them, the carrier may safely store them in a suitable warehouse, and where the carrier is not required in the usual course of business or expected to remove the freight from the car, as in the case of steel rails, iron and the like, and there is no contractual relation to the contrary, or if no place of delivery is designated or required, it is sufficient to place the goods on the side track of the consignee in the usual and customary place of unloading by the consignee.

Assumpsit. Appeal from the County Court of Knox county; the Hon. R. C. RICE, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

WILLIAMS, LAWRENCE, WELCH & GREEN and LEE. F. ENGLISH, for appellant; ROBERT DUNLAP, of counsel.

CHARLES DICKERSON, for appellee; A. J. BOUTELLE, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in *assumpsit* to recover for the loss of a carload of steel rails shipped by appellee from Galesburg, Illinois, over the line of appellant, the Atchison, Topeka & Santa Fe Railway, in July, 1903, to the Commonwealth Steel Company, at Granite City, Illinois. The declaration contained a special and the common counts. The special count alleged that appellee delivered 30,300 pounds of old steel rails of the value of $300 on July 30, 1904 (afterwards amended to read 1903), to appellant to be carried and delivered to the Commonwealth Steel Company at Granite City; the failure to take due and reasonable care in the conveyance and delivery thereof, and the loss thereof to appellee. The plea of *non assumpsit* was interposed, and on a trial appellee obtained a verdict and a judgment for $225 and the defendant below appeals.

Appellant contends that appellee's proofs in chief did not make a case, and that the court erred in denying its motion made at the close of appellee's evidence in chief to instruct the jury to find for appellant. After that motion was denied appellant introduced evidence to establish its defense, and the error, if any, in denying the motion was thereby waived. At the close of all the evidence, appellant renewed its motion for a directed verdict in its favor, which was denied, thus raising the same question raised by the motion for a new trial, whether or not the proof made a case for appellee.

The proof showed that 30,300 pounds of old steel rails were received by appellant at Galesburg from

appellee to be carried and delivered to the Common-wealth Steel Company at Granite City under a bill of lading issued by appellant; that the car containing the shipment was carried by appellant to Pekin and deliv-ered to the Chicago, Peoria & St. Louis Railway Com-pany to be forwarded to Granite City; that the car was placed on a side track at Granite City at the usual and customary place for unloading shipments received for the Commonwealth Steel Company, by the St. Louis Merchants' Bridge Terminal Company, which connected with the Chicago, Peoria & St. Louis Com-pany; that the car was refused by the consignee and was forwarded by the St. Louis Merchants' Bridge Terminal Railway Company to Madison Town, Illi-nois, where it was unloaded by that company.

The placing of the car by the St. Louis Merchants' Bridge Terminal Company at the usual and customary place for unloading shipments received for the Com-monwealth Steel Company at Granite City, was a de-livery of the car containing the property sued for, within the meaning of the contract of shipment, and the placing of the car there terminated the liability of appellant, as we understand the rule laid down in Illi-nois Central Railroad Company v. Carter, 165 Ill. 570; Gratiot Street Warehouse Company v. St. Louis, Alton & Terre Haute Railroad Co., 221 Ill. 418. The car remained at Granite City thirty days, before the Terminal Company removed it to Madison Town, where it was unloaded. If there were any improper handling of the car after it had been placed at the usual and customary place for unloading shipments received by the consignee, that was not a wrong for which appellant could be held liable. The liability therefor, if any, must rest upon some other party, whether upon the consignee or the Chicago, Peoria & St. Louis Company, we are not called upon to deter-mine.

The car was shipped on July 30, 1903, and reached Granite City on October 8, 1903. Appellee contends

that this was such an unreasonable delay in the ship-
ment and delivery as to make appellant, as a carrier,
responsible for the value of the goods. No count in
the declaration charged unreasonable delay in deliver-
ing the goods or placed the supposed liability of ap-
pellant on that ground. Appellee asked leave to file
an amended record, and filed an affidavit stating that
on the day of the trial he obtained leave to, and did
file an additional count charging an unreasonable delay
in the shipment and attached to the affidavit a copy of
said count. We, therefore, gave him leave in vacation
to file an amended record and abstract. But no such
record was filed. We are unable to find anywhere in
the declaration any such count. The record does dis-
close that on the day of the trial he had leave to amend
the declaration and did file an amendment which is set
out in the record, but this amendment only substituted
"1903" for "1904" as the year in which the goods
were shipped. We cannot here accept an affidavit of
counsel as showing the condition of the record in the
court below. The record must be certified by the clerk
of that court, and as appellee filed no amendment here,
we must assume that the record as filed here is correct.
Therefore, there was no charge in the declaration that
there was any unreasonable delay in carrying the car
from the place of shipment to the place of delivery.

The value of the goods as originally shipped was not
the proper measure of damages, as stated in appellee's
second instruction, but the difference between the
market value of the goods at destination at the time
when they ought to have arrived there if moved with
reasonable diligence and the market value of the same
goods at destination at the time when they actually did
arrive there. There was no evidence whatever that the
market value of the steel rails in question at Granite
City was less on October 8 than it was on July 30.

Appellee's second instruction was based on the
theory that appellant might be liable for an unreason-
able delay in the delivery of the goods. In the absence

of an averment in the declaration that there was such an unreasonable delay, it was error to give this instruction.

It was also error on the part of the court, in the absence of such an averment, to insert in appellant's seventh given instruction the words, "safe delivery within a reasonable time."

It was also error to refuse appellant's tenth instruction which read that carriers by railroad are not bound to deliver the goods carried to the consignee personally, or give notice of their arrival, to discharge their liability as carriers, but that when the goods have reached their destination, if the consignee is not present to receive them, the carrier may store them safely in a suitable warehouse, or where the carrier is not required in the usual course of business, or expected to remove the freight from the car, as in the case of steel rails, iron and the like, and there is no contractual relation to the contrary, or if no place of delivery is designated or required, it is sufficient to place the goods on the side track of the consignee in the usual and customary place of unloading by consignee. Illinois Central Railroad Company v. Carter, *supra;* Gratiot St. Warehouse v. St. Louis, Alton & Terre Haute Railroad Co., *supra.*

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*