# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1910.

*(Continued from Volume 150)*

W. D. COWHERD, Respondent, v. ST. LOUIS & SAN·
FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, November 10, 1910.

1. APPEAL AND ERROR: Assignment of Errors: Objections to Testimony. Appellant assigned as error the action of the court in admitting hearsay evidence, but it appeared that the testimony complained of was objected to at the trial on the sole ground that the question called for a conclusion of the witness. *Held*, that the objection to the testimony on the ground that it was hearsay could not be considered.

2. INSTRUCTIONS: Damages: Special Damages: Notice: Common Carriers: Harmless Error. In a suit against a carrier for damages in delaying a shipment of strawberries, it appeared that the shipper had a contract for the sale of his berries and was to receive an agreed price upon delivery of them at a designated station by a certain hour. The carrier had no notice of this contract. *Held*, error to instruct the jury that the measure of damages would be the difference between the contract price and the price plaintiff actually received; but it appeared that the contract price was the same as the market price at the time and place where the shipper had agreed to deliver the berries, and the verdict of the jury was for an amount equal to the difference between the market price and the price plaintiff actually received, and therefore the error in the instruction was harmless.

3. ——: ——: Harmless Error. The rule is well settled that even though the court gave an erroneous instruction as to the measure of damages, if the right result was reached by the jury, the error will be held harmless.

4. DAMAGES: Delay in Shipment: Measure of Damages: Common Carriers. Ordinarily the measure of damages for delay to a shipment is the difference in the market value of the commodity shipped, at destination, at the time the shipment should have reached destination, and at the time it actually did reach such point.

5. ——: ——: ——: ——. In a suit for damages against a common carrier for delay in a shipment of berries it appeared that the shipper made every reasonable effort to sell his berries after they arrived at destination. *Held*, that he was entitled to recover the difference between the price he sold for and the market value of the berries at the place of destination had they arrived there on the time agreed upon in the contract of carriage.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*W. F. Evans* and *Mann, Johnson & Todd* for appellant.

(1) Ordinarily the measure of damages for delay to a shipment is the difference in the market value of the commodity shipped at destination at the time the shipment should have reached destination and at the time it actually did reach destination. Glasscock v. Railroad, 69 Mo. 588; Armstrong v. Railroad, 17 Mo. App. 403; Wilson & Aull v. Railroad, 66 Mo. App. 396; Gann v. Railroad, 72 Mo. App. 40; Perry v. Railroad, 89 Mo. App. 49; Sloop v. Railroad, 93 Mo. App. 610. (2) The court erred in giving plaintiff's instruction number 1, for the reason that under the pleadings and the evidence said instruction states an incorrect measure of damages, because there is no allegation in the petition, and not a word of proof, that defendant had any knowledge or notice that if it should breach its

contract to have the car at Monett not later than midnight of May 27th, in order that the loading might be finished, plaintiff would sustain special damages, and, therefore plaintiff was not entitled to recover special damages. Rogan v. Railroad, 51 Mo. App. 665; Gray v. Railroad, 54 Mo. App. 666; Melson v. Telegraph Co., 72 Mo. App. 111; Williams v. Railroad, 24 L. R. A. (N. S.) 134; Crutcher v. Railroad, 85 S. W. 770, 39 A. and E. R. R. Cas. (N. S.) 661; Railroad v. Johnson & Fleming, 94 S. W. 600, 43 A. and E. R. R. Cas. (N. S.), 727; Railroad v. Canning Co., 116 S. W. 758, 55 A. and E. R. R. Cas. (N. S.), 263 and note.

*Sizer & Kemp* for respondent.

(1) If plaintiff's instruction was not proper and did not correctly declare the measure of damages, defendant cannot complain if he failed to ask an instruction properly setting forth the true measure of damages, for the law gives the right to the defendant to point out the elements limiting the damages. Childers v. Car Co., 126 S. W. 176; Griessmann v. Electric Co., 173 Mo. 654; Ogan v. Railroad, 126 S. W. 193. (2) When the judgment is for the right party, the judgment will be affirmed regardless of erroneous instructions. Railroad v. Sloop, 200 Mo. 198; Foster v. Railroad, 112 Mo. App. 67; Cass County v. Insurance Co., 188 Mo. 1; Petersen v. Transit Co., 199 Mo. 331; Sullivan v. Railroad, 133 Mo. 1. (3) It has often been held by the appellate courts of this state that objections to the introduction of testimony must be specific. Fuller v. Robinson, 130 S. W. 351; Kelen v. Railroad, 216 Mo. 174; State v. Pyles, 206 Mo. 632.

GRAY, J.—This suit was instituted in the circuit court of Barry county, and tried March 25, 1910. It is a suit to recover damages which plaintiff claims he sustained on account of the failure of the defendant to transport a part of a carload of strawberries from

Butterfield, Missouri, to Monett, Missouri, and to re-set said car at strawberry loading sheds at the latter city. The case was tried before a jury, resulting in a verdict in favor of the plaintiff in the sum of $147.50, and from which the defendant has appealed to this court.

There is no dispute about the facts. The plaintiff with a number of others, belonged to an organization known as the Ozark Fruit Growers Association, and was engaged in raising, handling and selling strawber-ries in about nineteen or twenty counties in southwest Missouri. On May 27, 1908, he had loaded at Butter-field in a refrigerator car, 295 crates of strawberries. At the time one R. T. Poplin was the agent of the de-fendant at Butterfield, and an agreement was entered into between the plaintiff and said agent, by which it was agreed that the car containing the crates of ber-ries should be taken to Monett before midnight of May 27, and reset at the strawberry sheds in Monett, in order that other berries might be placed in the car to complete the carload, so that the berries could be ship-ped on an early morning strawberry train for Kansas City, which left Monett about seven o'clock in the morning of the 28th.

Plaintiff had sold his strawberries to one Charles Hoitzinger at $1.75 per crate, f. o. b. Monett, on con-dition that the purchaser could secure 480 crates or more for the car. The additional crates to make out the carload were at the sheds in Monett, awaiting the coming of the car containing plaintiff's berries from Butterfield. The testimony shows there was an extra price of five dollars paid by plaintiff in order to get the car re-set for the purposes above stated. The de-fendant neglected to move the car from Butterfield, and the same was standing at that station when the train left Monett for Kansas City. The sale of the berries was lost by reason of the failure of the defend-

ant to haul the car from Butterfield to Monett, according to contract.

The evidence further shows that strawberries at Monett at the time plaintiff's berries should have arrived, were worth $1.75 per crate, and that when they did arrive there was no market at Monett for a part of a carload of berries, and that plaintiff was unable to dispose of the berries at all at Monett. When it was learned that the car had arrived too late to be loaded and shipped to Kansas City, according to contract, the plaintiff and his agent undertook to dispose of the berries, and finally sold them in Kansas City at $1.25 per crate, and that the plaintiff received a little less than this amount for his berries.

On the question as to what the berries were worth at Monett when they arrived, the following is the testimony, as shown by plaintiff's evidence: "Q. Could you have disposed of them at Monett for a better sum than you did get, $1.25 per crate? A. No, sir, we could not find sale for half car at all. That's what was knocking us out."

The evidence further shows that the market value of the berries at Monett at the time plaintiff's berries should have arrived, was $1.75 per crate, and therefore, the price at which plaintiff had sold his berries was the market price of the berries at the time.

The appellant in its assignment of errors, limits its grounds for reversal of the judgment to three, to-wit: The giving of plaintiff's instruction number one; the refusal of defendant's instruction "B," and the action of the court in admitting hearsay evidence on the part of plaintiff.

The plaintiff testified that when he learned that the defendant had breached its contract and that his berries had not been shipped, he discussed over the telephone with his agent, Mr. Rogers, at Monett, as to what disposition should be made of the berries, and

they finally agreed on selling them to a fruit company in Kansas City.

After the witness had thus testified, he was asked the following question: "I will ask you, did your friend place these berries and get the best market price he could get?" The defendant objected to the question on the ground that it called for a conclusion of the witness. The objection was overruled and the plaintiff answered: "Mr. Rogers and I discussed together and thought we had made the best possible disposition of the berries." It will be noticed that the objection to the testimony was simply that it called for the conclusion of the witness and not that it was hearsay. We have carefully gone over the evidence and every objection made by the defendant to hearsay evidence was sustained by the court. There were some other objections made to testimony which the court refused to sustain, but none of them included the objection that the testimony was hearsay.

The court in instruction number one, told the jury that if they found from the evidence that an agreement was entered into on the 27th day of May, 1908, whereby defendant agreed to receive and ship over its road from Butterfield to Monett, the plaintiff's berries, and that the car was to be taken from Butterfield and re-set at Monett not later than midnight of that day, in order that plaintiff could finish loading the same in time to place the car in the early morning strawberry train for Kansas City on the 28th, and if the jury further found that plaintiff had sold his berries at $1.75 per crate at Monett, and that defendant failed to ship the car according to contract and thereby the plaintiff lost the sale of his berries, and that he afterwards disposed of the same at the best price possible, and thereby received $1.25 per crate, then the jury should find for the plaintiff, and in a sum not exceeding the difference between the price for which he had sold his berries and the amount he received for them.

The defendant's instruction "B" limited the plaintiff's right to recover to the sum of five dollars, the amount paid by plaintiff under his agreement with the defendant.

Defendant's objection to plaintiff's instruction number one, is that it states an incorrect measure of damages; that no allegation is in the petition and no evidence was offered that defendant had any knowledge or notice at the time of making the contract, that plaintiff would sustain special damages, if the car failed to reach Monett, as per agreement.

Ordinarily the measure of damages for delay to a shipment is the difference in the market value of the commodity shipped at destination at the time the shipment should have reached destination, and at the time it actually did reach such point. [Glasscock v. Railroad, 69 Mo. 589.]

Under the evidence, the instruction was erroneous, and is subject to the objection made by the defendant. There was no evidence in the case that the defendant knew that plaintiff had sold his berries at $1.75 a crate, or that he would lose that sale if the berries failed to arrive at Monett at the time agreed on. But it does not follow that the judgment must be reversed because the court gave an erroneous instruction on the measure of damages. The rule is well settled that even though the court gave an erroneous instruction as to the measure of damages, if the right result was reached by the jury, the error was harmless. [Krepp v. Railroad, 99 Mo. App. 94; 72 S. W. 479; McKinstry v. Transit Co., 108 Mo. App. 12, 82 S. W. 1108; Bradner v. Rockdale Powder Co., 115 Mo. App. 102, 91 S. W. 997; State ex rel. v. Stone, 111 Mo. App. 364, 85 S. W. 950.]

As said by our Supreme Court in State v. Priest, 215 Mo. 1, 114 S. W. 949, "it is not every bad instruction, or one unwarranted by the evidence, that will justify a reversal of the judgment, and, unless such in-

struction is prejudicial to the party complaining, the judgment should not be reversed on that ground."

The undisputed evidence in the case shows the contract and the breach thereof, by the defendant, and the defendant admits that on account thereof it became liable to the plaintiff for the difference between the market value of the berries at Monett at the time when they should have arrived there, and the market value of them at the time they did arrive. The evidence shows that berries were worth $1.75 per crate at Monett on the night of May 27, and when they did arrive there on the 28th too late to be shipped to the market, that they could not be disposed of at Monett at all, and therefore, the plaintiff's damages were at least fifty cents a crate, which the jury allowed him under the erroneous instruction.

It was plaintiff's duty when he learned that defendant had breached its contract, to make a reasonable effort to find a market for his berries in order to make his damages as small as possible. The evidence shows that by telegram and telephone he did this, and his efforts resulted in getting $1.25 per crate, and he only recovered the difference between that amount and the market value of the berries had they reached Monett at the time agreed upon in the contract.

Under the requirements of section 2082, Revised Statutes 1909, the appellate court is not authorized to reverse a judgment on account of error, unless such error materially affected the merits of the case. And where it appears from an examination of the record, that the proper result was reached by the trial court, its judgment should not be disturbed at the expense of substantial justice, for the mere reason that technical error intervened in the course of the proceeding, to attain an end proper in itself. [Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672.]

The facts in this case have been fully disclosed, and it is manifest that if we should reverse the judg-

ment and remand the cause, the result upon a new trial would be the same, and being of this opinion, it is our duty to affirm the judgment, and the same is accordingly done. [Bragg v. Railroad, 192 Mo. 331, 91 S. W. 527; State ex rel. v. Benedict, 51 Mo. App. 642.] All concur.