**WICHITA FALLS & N. W. RY. CO. v. D. CAWLEY CO. et al.**

No. 8717—Opinion Filed April 9, 1918.

(172 Pac. 70.)

**1. Carriers—Delay in Transit—Measure of Damages.**

The measure of damages for delay in transit of a shipment of merchandise in the absence of the shipper having communicated to the carrier all of the facts and circumstances of the shipment, which do not ordinarily attend the carriage, is the depreciation of the merchandise at the market value at the place of delivery between the date at which it ought to have been delivered and the date of its actual delivery.

**2. Same—Special Damages.**

In order to recover special damages for delay in a shipment of freight, it must be shown that such damages were within the contemplation of both parties to the contract.

**3. Same—Remote Damages.**

In an action for damages for delay in transit in a shipment of merchandise, damages occurring after receipt of the merchandise by the consignee, by reason of the fact that said merchandise had to be carried over to another season, cannot be recovered.

**4. Same—Evidence.**

In the absence of pleading and proof of special damages in an action to recover damages for delay in transit of a shipment of merchandise, it is error to admit evidence of the depreciation of the value of the merchandise, after its receipt by the consignee, by reason that said merchandise had to be carried over to another season.

**5. Trial—Directed Verdict—Evidence.**

Where, admitting the truth of all the evidence in favor of the plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, it is insufficient to sustain a verdict in favor of the plaintiff, it is reversible error for the court to direct a verdict for the plaintiff.

**6. Carriers—Delay in Transit—Verdict—Sufficiency of Evidence.**

The evidence in this case carefully considered, and found not sufficient to support a verdict for the plaintiff.

(Syllabus by Collier.)

Error from District Court, Major County; James B. Cullison, Judge.

Action by the D. Cawley Company, a partnership, composed of Denny Cawley and others, against the Wichita Falls & Northwestern Railway Company and the Kansas City, Mexico & Orient Railroad Company. Case dismissed as to Kansas City, Mexico & Orient Railroad Company, and judgment for plaintiff, and defendant Wichita Falls & Northwestern Railway Company bring error. Reversed and remanded.

Robinson & Whiteside, for plaintiff in error.

John V. Roberts and S. A. Norton, for defendants in error.

Opinion by COLLIER, C. This action was brought by the plaintiffs in error against the defendants in error to recover damages in the sum of $620.22, alleged to have been sustained by reason of delay in transit of certain goods described in the petition. Hereinafter the parties will be designated as they were in the trial court.

Upon the conclusion of the evidence, each of the defendants separately demurred to the evidence. The court sustained the demurrer of the Kansas City, Mexico & Orient Railroad Company, and dismissed the case as to it. The court overruled the demurrer of the Wichita Falls & Northwestern Railway Company, to which said company duly excepted. Thereupon the court instructed the jury "to return a verdict in favor of the plaintiffs against the Wichita Falls & Northwestern Railway Company in such amount as they find from the evidence in this case that the plaintiff has been damaged, in the event they find the plaintiff has been damaged not exceeding $620.22." The jury returned a verdict against the Wichita Falls & Northwestern Railway Company in the sum of $150, to which the said company duly excepted. The Wichita Falls & Northwestern Railway Company made timely motion for a new trial, which was overruled and excepted to, and judgment entered in accord with the verdict to which said company duly excepted, and perfected an appeal to this court.

The evidence in the case shows that the plaintiffs shipped merchandise over the said railroads, the goods consisting of 6 rolls wall paper, 2 coat racks, 1 settee, 1 stove, 1 pipe, 1 sign, and 16 boxes clothes and shoes, but there is no evidence in the record to show the value of said merchandise. The record shows that the shipment was made November 3, 1914, and the goods were received by the plaintiffs at their destination on the 21st day of November, 1914. The evidence further shows that the plaintiffs were engaged in the general mercantile business, and had shipped said goods to their place of business for the purpose of disposing of them at a ten-day sale which they had advertised, and said goods were received too late for said sale, and that said goods in consequence had to be carried over to another season, and against the objection and exception of the defendants; voluminous evidence was allowed to go to the jury as to the percentage of value that the said goods depreciated by reason of having to be carried over. The evidence fur-

ther shows that from the point of shipment to the point to which the goods were shipped did not exceed 200 miles.

There are no assignments of error in the brief, but there are several assignments of error in the petition in error, but the only ones we deem necessary, for a proper review of this case, to consider, is the overruling of the demurrer to the evidence of the Wichita Falls & Northwestern Railway Company, the improper admission of testimony, and the instructions of the court to the jury directing a verdict for the plaintiffs in such sum as they might be damaged.

The law is well settled as to the measure of damages for delay in the shipment of goods, and that measure is the difference in the market value of the merchandise at the time and place when it ought to have been delivered, and the time of its delivery. Section 2869 of Revised Laws 1910 is as follows:

"The detriment caused by a carrier's delay in the delivery of freight, is deemed to be the depreciation in the intrinsic value of the freight during the delay, and also the depreciation, if any, in the market value thereof, otherwise than by reason of a depreciation in its intrinsic value, at the place where it ought to have been delivered, and between the day at which it ought to have been delivered and the day of its actual delivery."

In the recent case of Missouri, K. & T. Ry. Co. et al. v. Foote, 46 Okla. 578 149 Pac. 223, Ann. Cas. 1917D, 173, it is held:

"Under section 2869, Rev. Laws 1910, the detriment caused by a carrier's delay in the delivery of freight is deemed to be the depreciation in the intrinsic value of the freight during the delay, and also the depreciation, if any, in the market value thereof, otherwise than by reason of a depreciation in its intrinsic value, at the place where it ought to have been delivered, and between the day at which it ought to have been delivered and the day of its actual delivery."

See Kansas Pac. Ry. Co. v. Reynolds, 8 Kan. 623; Klass Com. Co. v. Wabash R. R. Co., 80 Mo. App. 164; Chicago, Rock Island & P. Ry. Co. v. C. C. Mill Elevator & Light Company (Tex. Civ. App.) 87 S. W. 753; Cowherd v. St. Louis & San Francisco R. R. Co., 151 Mo. App. 1, 131 S. W. 755; Southern Express Company v. Hanaw, 134 Ga. 445, 67 S. E. 944, 137 Am. St. Rep. 227; Gulf, Colorado & Santa Fe v. Barber, 60 Tex. Civ. App. 234, 127 S. W. 258; McCabe v. Atchison, Topeka & Santa Fe R. R. Co., 154 Ill. App. 380.

Whatever damages may have accrued after the delivery of said merchandise to plaintiffs by reason of having to carry over said goods to another season are too remote, and cannot be recovered, and the court committed reversible error in permitting evidence to go to the jury as to the depreciation of the value of the merchandise in question by carrying them over to another season. Again, the value of the goods shipped is not shown by the evidence; it was therefore impossible for the jury upon a percentage basis of depreciation of the goods, which line of evidence was the only evidence as to the amount of depreciation by being carried over, to have evidence upon which to properly predicate a verdict, and consequently the verdict in this case is based upon surmise and conjecture, which is not sufficient to support the same. In Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872, it is held:

"The verdict of a jury must be rendered upon evidence reasonably tending to support same, and not upon conjecture."

In Moore v. Mo. Pac. Ry. Co., 28 Mo. App. 622, it is held:

"A verdict evidently founded upon mere conjecture of possibilities or probabilities, however reasonable, will not be permitted to stand."

See, also, 3 Cyc. 352, and authorities there cited.

There is no evidence in the case to show that the carrier was informed of any special purpose for which the merchandise shipped was to be used, and therefore special damages could not be recovered. In Williams v. Atl. Coast Line R. R. Co., 56 Fla. 735, 48 South. 209, 24 L. R. A. (N. S.) 134, 131 Am. St. Rep. 169, it is said:

"Only such damages may be recovered as were contemplated or might reasonably be supposed to have entered into the contemplation of the parties to the contract of carriage. If the owner of the goods would charge the carrier with any special damages, he must have communicated to the carrier all the facts and circumstances of the case which do not ordinarily attend the carriage or the peculiar character and value of the property carried, for otherwise such peculiar circumstances cannot be contemplated by the carrier."

The rule laid down in Hadley v. Baxendale, 9 Ex. Ch. 341, Sedgwick's Leading Cases on Measures of Damages, 126, which has been followed by the Supreme Court of the United States, and most of the states of the Union, establishes this doctrine:

"Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should be such as may fairly and reasonably be considered either arising naturally, according to the actual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of it."

In the case of Illinois Central Ry. Co. v. Johnson, 116 Tenn. 624, 94 S. W. 600, parties had the contract for boring a deep well in the state of Arkansas, and in contemplation of such work they delivered to the railroad company machinery for the purpose of doing the work. The party who made the shipment stated to the agent of the company that the machinery was needed right away, and that the shipment was for immediate delivery, that the shipper was at heavy expense in keeping a crew awaiting the arrival of the shipment for the purpose of carrying out the contract. The shipment was delayed, and the parties brought suit. Under that state of facts, recovery was denied, and in so doing the court said:

"One seeking to recover special damages for breach of a contract must show that such damages were within the contemplation of both parties to the contract; otherwise he can only recover such damages as in the usual course of things flow from a breach."

Chicago, Rock Island & Pacific Railway Company v. George W. Broe, 16 Okla. 25, 86 Pac. 441, was an action to recover damages for the delay in a shipment of carload of wire and nails. As a part of the measure of damages claimed by plaintiff was the loss of trade during the delay of freight. In said opinion Judge Burwell says:

"The jury had absolutely no justification for allowing the consignee anything for loss of trade. There was no evidence on which to base such a finding, and even if there had been it could not be considered, as the carrier's liability is fixed by the section of the statute above quoted, and loss of trade is not referred to therein."

There is no evidence whatever in the record that the merchandise deteriorated in value during the delay in transit, and if they did so deteriorate the amount therefor is not shown, consequently there was no evidence to support a verdict for plaintiffs, and the court committed reversible error in overruling the demurrer of the Wichita Falls & Northwestern Railway Company to the evidence. In Chickasha

Inv. Co. v. Phillips et al., 58 Okla. 760, 161 Pac. 223, it is held:

"The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of such party."

Applying the rule in the instant case, admitting the truth of all the evidence in favor of the plaintiff, together with such inferences and conclusions as may be reasonably drawn from it, there is not enough competent evidence to reasonably sustain the verdict directed by the court, and the court committed reversible error in directing a verdict for the plaintiff.

For the errors pointed out, this cause is reversed and remanded.

By the Court: It is so ordered.