## J. L. TRUITT v. S. BLUNDELL.
### SUPREME COURT, AUSTIN TERM, 1883.

*Practice—Statement of Facts.*—A statement of facts, filed in vacation, will not be recognized unless it is filed within ten days after the adjournment, and is authorized by an order of the district court entered of record during the preceding term.

Appeal from Clay county.   Opinion by West, J.

There is a statement of facts in the record, signed by the parties and approved by the judge.   It has no date to it, and is filed one day after the adjournment of the court for the term.

There is no order of the judge found in the record, as is required by law, where permission is given by the court, for the statement of facts to be filed in vacation.   (Rev. Statute, Art. 1379.)

Under the district court act in force, (Pascal's Digest, Art. 1490), previous to the enactment of the Revised Statutes, in which the law on this subject was carefully revised,

and changed in several particulars, (Revised Statute, Art. 1379), there were a few early decisions, (Barnett v. Hicks, 6 Tex., 352 ; McCowan v. Scrimp, 21 Tex., 22), to the effect that where the parties in open court, during the term filed a written agreement, consenting that a statement of facts might be filed in vacation, that such a statement would be respected by this court.   In Swift v. Trotter, 52 Texas, 502, this court intimates a doubt as to the correctness of these decisions, even under the previous law, and in that case in the absence of such an agreement, refused to regard a statement of facts filed in vacation.

Under the imperative terms of the present law, this court has held more than once, that no statement of facts filed in vacation, will be recognized unless it is filed within ten days after the adjournment, and is authorized by an order of the district court entered of record  during the preceding term.

McGuire v. Newhill.

Ross v. McGowan, Galveston Term, 1883.

Neither the approval of the judge in vacation, or the filing of the written consent of counsel to such a course made by them during term time, would now avail.

The only error that would require notice, even if there was a proper statement of facts, is the one calling in question, the action of the court in giving to the jury a special instruction contained in the record asked by appellee.

The instruction referred to does not appear to have been filed (Rev. Stat., Art. 1320), nor is there any signature of the judge, showing that it had ever been called to his attention, or that he had either given or refused it. (Rev. Stat., Art. 1320.)

Even had he given it in charge to the jury in the absence of a statement of facts, we cannot say that it was such error under the circumstances, as to require a reversal of the case.

No part of the main charge of the court, contained in the record is assigned as error, and it seems to be a correct exposition of the law applicable to the case, and quite favorable to the appellee.

The judgment of the court is warranted by the pleadings, the charge appears to be correct, there are no bills of exceptions to the admission or exclusion of evidence, and there appears in the absence of facts no error in the record.

The judgment is therefore affirmed.