LOUIS HABERZETTLE, GUARDIAN v. TRINITY & BRAZOS VALLEY RAILWAY COMPANY.

Decided May 25, 1907.

**1.—Amending Statement of Facts.**

After the expiration of the term of court at which a statement of facts was prepared and filed and after an appeal had been perfected the trial court had no power to authorize or require its clerk to make a bill of lading, omitted from the statement of facts, a part of the record so as to entitle it to be considered a part of the statement of facts on appeal.

**2.—Merchandise—Delay in Transporting—Measure of Damages.**

For a failure to transport merchandise with reasonable dispatch the carrier is liable for such damages as are the natural result of such failure, and for such as reasonably might have been expected to be within the contemplation of the parties, when the contract of carriage was entered into, as a probable result of a breach of it, and the measure of damage is usually the difference in the value of the merchandise at the point of destination at the time it ought to have arrived and when it did arrive.

**3.—Same—Special Damage—Notice Necessary.**

In a suit against a carrier for delay in transporting and delivering a car of fuel oil consigned to an ice factory damages resulting to plaintiff by reason of his being compelled to close the factory, the expenses while the factory was closed and of starting the same again, the loss of profits, and the loss of perishable articles in cold storage were all special damages for which the carrier was not liable in the absence of knowledge at the time the contract of carriage was entered into that such results might follow a breach of the contract.

**4.—Same—Proximate Damages.**

In a suit as above stated, expenses incurred in telegraphing and telephoning in efforts to trace and locate the delayed car of oil, were the natural result of the carrier's negligence and the carrier was liable therefor.

Error from the District Court of Hill County. Tried below before Hon. W. C. Wear

*Walter Collins* and *Hughes & Cummings,* for plaintiff in error.— That the damages claimed were not speculative but were fixed and certain. Waco Tap R. R. Co. v. Shirley, 45 Texas, 372-373; Adams Express Co. v. Egbert, 78 Am. Dec., 385; Griffin v. Colver, 69 Am. Dec., 718; Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 691; Ellis v. Tipps, 16 Texas Civ. App., 87; Anderson Electric Co. v. Cleburne Co., 44 S. W. Rep., 931; Houston & T. C. Ry. Co. v. Hill, 70 Texas, 51; Frazier v. Echo M. & S. Co., 9 Texas Civ.

App., 213; Pacific Express Co. v. Darnell, 62 Texas, 639; Texas & P. Ry. Co. v. Hassell, 23 Texas Civ. App., 685.

The damages claimed by the plaintiff in his petition in the way of money expended in telephone and telegraph charges in tracing said car of oil and locating same are such as would naturally be in contemplation of the parties at the time the contract for transportation was entered into, and the case should have gone to the jury on this issue if no other. Swift River Co. v. Fitchburg Ry. Co., 47 N. E. Rep., 1015; Murrell v. Pacific Express Company, 26 Am. St. Rep., 17; Savannah Ry. Co. v. Pritchard, 4 Am. St. Rep., 95.

Plaintiff's suit being for a breach of contract and for the wrongful acts of the defendants in diverting said car of oil from the route over which plaintiff had directed it to be shipped and the plaintiff having suffered damages by reason of the delay caused thereby, even if it should be held that the said damages were such as could not be recovered because the defendants had no notice of the nature thereof, still, the plaintiff was entitled to recover damages and the case should have gone to the jury on the question of negligence. Hope v. Alley, 9 Texas, 395; Raymond v. Yarington, 73 S. W. Rep., 800; Heichew v. Hamilton, 61 Am. Dec., 122.

*Ramsey & Odell* and *Morrow & Smithdeal,* for defendant in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit brought by Louis Haberzettle, as guardian of the estate of Otto, Carrie and Annie Walter, minors, against The Trinity & Brazos Valley Railway Company, The Houston, East & West Texas Railway Company, The Houston & Texas Central Railway Co., and the Missouri, Kansas & Texas Railway Company of Texas, defendants, for damages arising from the delay in the transportation and delivery of a certain car of oil bought by said Haberzettle, as guardian, for fuel to operate The Home Ice Factory plant. It was alleged that the car of oil was delivered to The Houston, East & West Texas Railway Company at Humble, Texas, consigned to the Home Ice Factory at Hillsboro, Texas, and a contract for shipment was entered into by The Houston, East & West Texas Railway Company to transport said car of oil from Humble to Hillsboro over its own line and the line of the Missouri, Kansas & Texas Railway Company of Texas. That said car of oil was diverted at Houston and transported over the line of the Houston & Texas Central Railroad Company to Mexia and from Mexia to Hillsboro over the line of The Trinity & Brazos Valley Railway Company. The car was shipped on the 22d day of May, 1905, and did not reach Hillsboro until the evening of the 29th day of May, 1905. That defendants failed to transport and deliver said oil at Hillsboro within reasonable time and that by reason of the delay said Home Ice Factory was compelled to close down for the want of fuel oil to run the same and to remain closed for four or five days and that after said oil arrived it took three or four days after its arrival to get up steam and reduce the temperature of the apparatus in said ice factory to a point where it could begin to produce ice. Plaintiff further alleged

that he was engaged at the time in running said ice factory and in selling the output, which was about fifteen tons per day, and that in connection with said plant he was operating a cold storage vault wherein he stored meats and other perishable produce for the public and that by reason of being compelled to close down the ice plant the temperature of said vault run up, thereby causing large quantities of meat to be spoiled and that he was compelled to buy ice for his customers and pay an advanced price therefor, thereby losing $1.50 per ton on each ton of ice sold and that he sold about fifteen tons per day. The plaintiff further alleged that he was compelled to pay and did pay the sum of $2.95 in the way of telephone and telegraph charges in locating said car of oil and hurrying up its arrival to Hillsboro, alleging his damages by reason of all of said facts to be $1,065.85. Plaintiff further alleged notice to defendants of these special damages at the time of making the contract.

The defendants each of them filed their answers which consisted of general denial and special denial of any negligence, and further denied any notice or knowledge of the fact that the car of oil was intended to be used as fuel, and denied that they, or either of them, had any knowledge of the grounds for special damages alleged in plaintiff's petition.

At the close of the evidence the court instructed a verdict for defendants. Judgment accordingly followed and plaintiff prosecutes a writ of error.

It appears from the statement of facts that a bill of lading was read in evidence, but the terms of the same are not set out therein, nor is the bill of lading made a part of the statement of facts. The plaintiff in error by motion made in January, 1907, more than a year after the term of court at which the judgment was rendered, ended, and after the petition for writ of error had been filed, asked the court to require the clerk to send up the original bill of lading as a part of the record. The motion was granted and a copy of the order, to which is attached a paper purporting to be a bill of lading issued by Houston, East & West Texas Railway Company, is made a part of the record. The term of court at which the judgment was entered ended the 28th of December, 1905. The bill of lading not having been copied in the statement of facts or made a part of it, the court did not have the power after the adjournment of the term at which the judgment was entered to authorize or require the clerk to make it a part of the record entitling it to be considered a part of the statement of facts. Rule 74 for District Courts; International & G. N. Ry. Co. v. Scott, 58 Texas, 187; Vaughan v. Bailey, 11 Texas Civ. App., 34; Trewitt v. Blundell, 59 Texas, 253; McGuire v. Newbill, 58 Texas, 314. We are not authorized to treat the paper as part of the statement of facts.

It is contended that the trial court erred in instructing a verdict for defendants. The Houston, East & West Texas Railway Company received a car of oil at Humble, Texas, for transportation to the Home Ice Factory at Hillsboro, on the 22d day of May, 1905, and contracted to transport said car of oil to Hillsboro. The oil did not arrive at Hillsboro until the evening of the 29th day of

May. The time it takes for a car of oil to be transported from Humble to Hillsboro over the Missouri, Kansas & Texas Railway of Texas or the Houston & Texas Central Railroad and the Trinity & Brazos Valley Railway is from one to four days. There is evidence to the effect that plaintiff's fuel oil gave out on May 25, and that he was compelled to close down The Home Ice Factory and to remain closed until the 30th day of May. That it took until the 3d day of June to get the temperature of said factory down sufficient to manufacture ice. During this time several hands which were receiving regular pay were idle at plaintiff's expense. Plaintiff had to pay them for their time. There was no fuel oil kept at Hillsboro for sale and the plaintiff was unable to procure the same elsewhere. Plaintiff had contracted to sell and deliver to customers in Hillsboro ice at a fixed price, which netted the company $2 per ton or $30 per day. The cold storage vault, in which was stored large quantities of meat, lost its temperature and much of the meat was spoiled. The damage therefrom is claimed to be $150. That the amount of oil necessary to put the temperature of the factory back to the freezing point where ice could be made and cold storage vault used cost $300. Plaintiff expended $2.95 in tracing and locating said car of oil.

For a failure to transport merchandise with reasonable dispatch the carrier is liable for such damages as are the natural result of such failure, and for such as reasonably might have been expected to be within the contemplation of the parties when the contract of carriage was entered into as a probable result of a breach of it. Swift River Co. v. Fitchburg Ry. Co. (Mass.), 47 N. E. Rep., 1015. The measure of damage in such case is usually the difference in the value of the merchandise at the point of destination, at the time it ought to have arrived and when it did arrive. The damages resulting to the plaintiff by reason of his being compelled to close down the plant of the Home Ice Factory, and the expenses paid by it to its employes while it was so closed down, and the loss of profits on the sale of ice which it would have manufactured and sold had plaintiff not been compelled to close down the plant, as well as the loss sustained by not having ice to save the products stored in the cold storage vault, were special and the carrier would not be liable therefor in the absence of knowledge at the time of entering into the contract of carriage of facts or circumstances that such results might follow from a breach of its contract. There was no evidence that the carrier had such knowledge at the time the contract was entered into. The fact that the shipment was made to the Home Ice Factory and that it was fuel, did not put the carrier on notice of such facts. For these damages the court was authorized to instruct a verdict for defendant.

The evidence shows that the plaintiff in error was compelled to expend $2.95 in telephoning and telegraphing to trace and locate the car of oil. Such expenses were the natural result of the carrier's negligence in failing to transport the oil with reasonable dispatch, and for this the plaintiff was entitled to recover. Swift River Co. v. Fitchburg Ry. Co., *supra;* Savannah Ry. Co. v. Pritchard, 4 Am. St. Rep., 95, 77 Ga., 412; Murrell v. Pacific Express Co., 54 Ark.,

22, 26 Am. St. Rep., 17. There seems to have been no controversy over the fact that these expenses were incurred, and that the same were reasonable. The court erred in holding that the plaintiff was not entitled to recover these expenses. The court should have instructed a verdict for plaintiff for $2.95.

The judgment is reversed and here rendered for plaintiff for said sum. The plaintiff is entitled to recover all costs in this court and the court below.

*Reversed and rendered.*