GULF, COLORADO & SANTA FE RAILWAY COMPANY v. A. C. BARBER.

Decided April 2, 1910.

**1.—Carrier—Delay in Transit—Measure of Damages.**

A carrier's liability for a failure to transport freight within a reasonable time is ordinarily limited ·to such damages as are the natural result of such failure ·or such as may fairly be supposed to have entered into the contem-

plation of the parties at the time the contract for transportation was made as a probable result of its violation; and the measure of damage is the difference between the value of the property shipped at the time it did arrive and the time it should have arrived.

### 2.—Same—Special Damages—Notice to Carrier.

In a suit by a lumber dealer against a railroad company for damages resulting to plaintiff by reason of the increased price he had to pay to supply lumber of the kind contained in a delayed shipment to his customers, whereby he lost the retail profit which he would otherwise have made; the extra time and expense in making local purchases; and the loss of customers and profits on sales by reason of not being able to supply the demands for lumber, were all special damages and the carrier would not be liable for the same in the absence of knowledge at the time it received and contracted to transport the lumber that such damages were likely to result from delay in transportation.

### 3.—Same—Insufficient Notice.

The facts that the plaintiff was engaged in the lumber business, that lumber was the character of the merchandise shipped, and that similar shipments had been made over defendant's road before, would not be sufficient to put defendant on notice of the conditions and circumstances which would render it liable for special damages resulting from delay in the transportation.

Appeal from the County Court of Johnson County. Tried below before Hon. J. B. Haynes.

*Chas. K. Lee* and *Brown & Lomax,* for appellant.—The court erred in his conclusions of law in holding that the damage occasioned by reason of the delay alleged in plaintiff's petition was not of such nature as to require any special notice to defendant in order to make it liable for a breach of the contract to transport the shipment in question, and in holding that such damage, as alleged and proved in this case, might reasonably have been contemplated by the defendant at the time the contract for transportation was made, in the absence of any notice. Gulf, C. & S. F. Ry. Co. v. Gilbert, 4 Texas Civ. App., 366; Pacific Exp. Co. v. Darnell, 62 Texas, 639; Gulf, C. & S. F. Ry. Co. v. Pettit, 3 Texas Civ. App., 588; Galveston, H. & S. A. Ry. Co. v. Watson, 1 Texas App. Civ., sec. 815.

The loss of profits sustained by plaintiff by reason of not being able to supply his customers is special damage if the term "special damage" has any signification at all. In the absence of allegations or proof that defendant had notice that such damage would result in the event of a delay, no recovery could be had for such special damage, and the admission of the testimony complained of, for the reasons stated in the assignment, was error. Haberzettle v. Trinity & B. V. Ry. Co., 46 Texas Civ. App., 527; Western U. Tel. Co. v. Kemp, 28 S. W., 905; Gulf, C. & S. F. Ry. Co. v. Pickens, 58 S. W., 157.

*E. A. Rice* and *A. C. Barber,* for appellee.—The damages sought and recovered by plaintiff were such as would naturally and ordinarily flow from a delay in a shipment of this character. Such damage and the elements thereof as alleged in plaintiff's petition and as proven on the trial and as found by the court, were such as might have been and were within the reasonable contemplation of

the parties. Articles 331a and 331b, Sayles' Statutes, 1897; articles 325, 537 and 4335, Sayles' Statutes, 1897, and annotations thereunder.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by A. C. Barber in the Justice Court of precinct No. 1, Johnson County, Texas, to recover damages in the sum of one hundred and fifty dollars for delay in the shipment of a carload of lumber from Hartsburg, Texas, to Cleburne, Texas. Upon a trial in the Justice Court judgment was rendered in favor of plaintiff for the amount sued for and appeal was perfected by defendant to the County Court. Plaintiff filed his petition in writing in the County Court, and upon a trial in that court, before the judge thereof and without a jury, judgment was rendered on March 27, 1909, in favor of the plaintiff and against the defendant for the amount sued for, to which defendant excepted and gave notice of appeal to this court. Thereafter the court filed his conclusions of law and fact, and defendant has properly brought this case before this court on appeal by filing bond and assignments of error.

In his conclusions of law, the court says: "I conclude that in legal contemplation and under the facts and circumstances of this case the delay in this shipment was an unreasonable one, and that the damages occasioned plaintiff by reason of said delay were not such as to require any special notice on the part of plaintiff to defendant in order to make defendant legally responsible therefor. I further conclude that the measure of damages in this case is the difference in the price plaintiff (consignee) had to pay for the lumber to supply that which was in transit in this shipment and the price same would have cost him if it had been properly and within a reasonable time transported and delivered to him, and also the costs and expenses incurred by him by reason of such delay." The correctness of these conclusions, except as to the delay of the shipment, is challenged by appropriate assignments of error, and we think the assignments should be sustained.

The plaintiff lived in Cleburne and was engaged in the lumber business. The shipment in question contained five different kinds of lumber, which the plaintiff expected to sell to the retail trade and during the time the car was in transit he was out of the most of that kind of material. The plaintiff had calls for lumber such as was in the car during the time the shipment was delayed, that he was unable to fill. He had several buildings under construction waiting for the lumber and the purchases made from his competitors occurred after plaintiff bought material from his competitors in business at the retail price. Aside from the increased price plaintiff had to pay in purchasing the lumber from his competitors, he was put to an additional expense in sending men out to procure it. The calls he had for this lumber, and, when the contractors would wait no longer therefor, the lapse of the usual time required for the shipment of lumber from Hartsburg to Cleburne and before he received such shipment. Plaintiff paid his competitors for the lumber purchased from them about twenty-five percent more than if he had had it in his own yard. He

testified that in his best judgment he lost, by not being able to supply his customers, fifty dollars, and that had the lumber arrived from Hartsburg in the usual course of transportation he would not have sustained any of the damages claimed by him.

There is, however, no evidence whatever, in the statement of facts sent to this court, tending to show any notice to the defendant, before or at the time the contract of carriage was entered into, that the lumber shipped was intended for any special purpose or that the character of damages alleged and proved would likely result to plaintiff in the event of a delay in the shipment of said lumber. Nor is there evidence to show that the defendant at any time prior to the delivery of the lumber shipped by it to plaintiff knew that plaintiff had any building or buildings under construction awaiting the arrival of said car. On the contrary, plaintiff testified that he had no conversation with any of the defendant's agents in regard to the particular car involved in this suit.

We think it very clearly appears from the undisputed facts that the damages sought to be recovered are special in their character and do not arise as a natural consequence of a breach of the contract, or duty imposed, to transport the lumber within a reasonable time. In the absence of notice at the time the contract of carriage was entered into of the special circumstances under which the contract was actually made, appellant can not be held liable for such special damages. In such case the carrier's liability for a failure to transport the goods is limited to such damages as are the natural result of such failure or such as may fairly be supposed to have entered into the contemplation of the parties at the time the contract for transportation was made as a probable result of its violation. The measure of such damages is ordinarily the difference between the value of the property shipped at the time it did arrive and the time when it should have arrived. The damages resulting to the plaintiff, as alleged, by reason of the increased price paid by plaintiff to supply lumber of the kind contained in the delayed shipment to his customers whereby he lost the retail profit which he would otherwise have made; the extra time and expense in so making local purchases; and the loss of customers and profits on sales by reason of not being able to supply demands for material of the character in the delayed shipment, were all special, and, in the absence of knowledge on the part of the defendant at the time it received and contracted to transport plaintiff's lumber of the peculiar conditions or circumstances under which such damages were likely to result from a breach of such contract, it was not liable therefor. Haberzettle v. Trinity & B. V. Ry. Co., 46 Texas Civ. App., 527 (103 S. W., 219); Pacific Express Co. v. Darnell, 62 Texas, 639; Gulf, C. & S. F. Ry. Co. v. Gilbert, 4 Texas Civ. App., 368 (23 S. W., 320). The fact that the plaintiff was engaged in the sale of lumber, and that lumber was the character of the merchandise shipped, and that similar shipments had been made over the defendant's line of road before, was not sufficient to put defendant on notice of the conditions and circumstances that would render it liable for the special damages alleged. Haberzettle v. Railway Co., *supra.*

It follows that the trial court should have rendered judgment for the appellant and that it becomes our duty, under the statute, in view of the fact that the case seems to have been fully developed, to render such judgment in this court. This conclusion renders a consideration of the other assignments unnecessary. It is ordered that the judgment of the court below be reversed and that judgment be here rendered for the appellant.

*Reversed and rendered.*