13133.   POYTHRESS v. HAGAN GROCERY COMPANY.

HILL, J.   The methods of measurement of damages for a breach of contract of sale, mentioned in § 4131 of the Civil Code of 1910, are not exhaustive.   See *Carolina Portland Cement Co. v. Columbia Improvement Co.*, 3 *Ga. App.* 483 (60 S. E. 279).   There being in the petition in the instant case allegations to the effect that, under the provisions of the contract of sale entered into between the plaintiff (the seller) and the defendant (the buyer), the plaintiff had made shipment of certain goods therein described, " f. o. b." point of shipment, to be paid for at the price mentioned in the contract, and that the buyer refused to accept the goods at destination, and allegations showing the market price of the goods, the amount of freight and demurrage paid by the seller, and the amount of other necessary expenses incurred by him by reason of the failure of the buyer to comply with the terms of his contract, the petition set forth a cause of action, as against a general demurrer; and the court did not err in refusing to dismiss the petition, on general demurrer, even though the market price alleged in the petition was greater than the contract price.   See, in this connection, the *Carolina Portland Cement Co.* case, supra, pp. 486-7, and *Savannah, Florida & Western Ry. Co. v. Pritchard, Matthews & Co.*, 77 *Ga.* 412 (1 S. E. 261, 4 Am. St. R. 92).   Nor was the judgment to which exceptions were taken, overruling the special demurrers mentioned in the exceptions, erroneous for any reason alleged by the plaintiff in error.

   *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*
                         DECIDED JUNE 14, 1922.

   Action on contract; from city court of Savannah — Judge Freeman.   November 9, 1921.

   *Ulmer & Bright*, for plaintiff in error.
   *Oliver & Oliver*, contra.