### AIRLINE MOTOR COACHES, Inc., v. PARKS.

#### No. 4253.

Court of Civil Appeals of Texas.

Sept. 20, 1945.

Rehearing Denied Oct. 10, 1945.

A. D. Dyess, of Houston, Strasburger, Price, Holland, Kelton & Miller, of Dallas, and Martin M. Feagin, of Livingston, for appellant.

Allen, Helm & Jones, of Houston, and Campbell & Foreman, of Livingston, for appellee.

MURRAY, Justice.

Ira Parks was killed when struck by a bus of Airline Motor Coaches, Inc., on the Humble Road near Houston, in Harris County, Texas. He was crossing the highway afoot, going toward a Houston bound bus stopped on the opposite side of the highway, and the bus which struck him was proceeding out of Houston on the side of the highway nearest him. The fatal accident took place in front of or nearly in front of Pettigrew's store, at a place where there were a few small business houses, and where it was not unusual for pedestrians to cross the highway. Parks approached the paved portion of the highway, looking straight ahead of him in the direction of the bus on the far side of the highway from him, and reached a point on the shoulder of the highway some three feet from the pavement when the Airline Motor Coaches' bus was some thirty feet away. He hesitated momentarily there, then started across the highway in the path of the approaching bus. The driver of that bus blew his horn and swerved his vehicle to his left to a point within a few inches of the other bus, meanwhile applying his brakes. He then swerved back to his right. Parks was struck and killed near the center of the highway.

The body of the deceased was taken to an undertaking establishment in Houston and the following day his widow, Kelly Luceil Parks, the appellee here, met a claim adjuster of Airline Motor Coaches, Inc., the appellant here, at the undertaking establishment and the two of them there agreed upon a settlement of her claim for $500. Later the same day they went to the office of an attorney where she executed a full and formal release in writing for any claim for damages she might have against the appellant for the death of her husband. She received the sum of $500 in the form of two checks, one of which named the undertaking company as payee together with appellee. The checks were in the form of vouchers which contained releases by appellee to appellant which had to be executed by her when she negotiated them for payment. She later negotiated the checks, received and retained the sum of $500.

Suit was brought by appellee against appellant in the district court of Polk County, Texas, for damages for the death of Parks. Appellant filed a plea of privilege to be sued in the county of its domicile. Controverting affidavit was filed, and a hearing upon the plea of privilege and the controverting affidavit was had before a jury. This hearing was had immediately before the trial of the case on its merits. The court found that the plea was without merit and instructed a verdict in favor of the appellee in that hearing. Members of the regular week's jury panel were empanelled and sworn in the hearing on the plea of privilege.

The appellee pleaded various acts of negligence on the part of the driver of the appellant's bus as being proximate causes of the death of her husband and also pleaded the issue of discovered peril. The appellant answered with numerous exceptions to appellee's pleading, with denials of negligence, various acts alleged to be contributory negligence on the part of the deceased, special denial of the facts alleged by appellee as raising the issue of discovered peril, the plea of unavoidable accident, and specially pleaded in bar the releases and checks exchanged by the parties in settlement of the claim. Appellee, in a supplementary pleading, answered the plea in bar with allegations that the releases executed by her were made as the result of acts of fraud and undue influence exerted upon her while she was mentally

incompetent by reason of grief and shock induced by the sudden and tragic death of her husband. She tendered the money so received by her as a credit upon any judgment she might receive against appellant, and alleged that she was a person in needy circumstances, did not have the money to tender in court to the appellant, and prayed for cancellation of the releases. The appellant replied to such pleading with numerous exceptions and denials.

Immediately announcements were made upon the trial of the case on its merits, and when the same jurors that had sat on the hearing on the Plea of Privilege were found to be in the panel from which jurors to try the case on its merits were to be selected, appellant moved to disqualify such jurors, which motion the Court overruled; and a jury having been selected and impaneled, trial hereof was had to such jury, with the result that the jury, in response to special issues submitted to it by the trial court, found for the appellee as to certain acts of negligence charged by her against the appellant's bus driver—viz., that its bus was being operated at an excessive rate of speed; that its bus driver failed to slacken the speed of the bus; that he failed to keep a proper look-out for Ira Parks; and that such acts each constituted negligence and each was a proximate cause of the death of Ira Parks. And in response to issues on the alleged acts of negligence on the part of Ira Parks, the jury found against the appellee and in favor of the appellant that Ira Parks had failed to keep a proper look-out for the bus, and that he had failed to stop and look before stepping onto the concrete and main travelled portion of the highway, and that each such failure was negligenec on the part of Ira Parks and a proximate cause of his death.

The jury found, in response to Special Issue No. 4, that Ira Parks was attempting to cross the concrete portion of the highway at a place other than a street intersection, but found that same was not negligence.

And in response to Special Issues Nos. 24 to 28, inclusive, the jury found that the deceased was in a position of peril; that the bus driver discovered such perilous position in time, by the exercise of ordinary care, etc., to have avoided killing Ira Parks, but that the bus driver failed to exercise such ordinary care; that such failure was a proximate cause of the death of Parks.

The jury in its verdict also found for the appellee on the issues submitted on the question of fraud, misrepresentation and mental deficiency in the execution of the releases. It also made a finding of $8,000 in response to the issue submitted on damages.

The appellant moved for judgment, which motion was by the court overruled, and judgment was rendered for the appellee. Its motion for new trial was also overruled, and the appellant's appeal is now properly before this court.

The appellant brings forward 85 points of error in its brief. A great many of them relate to claimed procedural errors on the trial of the case, and are not discussed by either appellant or appellee in their briefs. Appellant's discussion is almost entirely devoted to its two basic propositions, viz., (1) the evidence was insufficient to raise the issue of discovered peril or to support a verdict against it on that issue, and (2) the pleadings and evidence on the issues involving the setting aside of the releases executed by appellee were insufficient to support a verdict against it thereon. The appellee likewise in her brief discusses these propositions most fully, with only passing attention being given to the other points raised by appellant. In our view, both parties are correct in their views that the appeal must be determined largely upon these two propositions.

We find no merit in the contention of appellant that it was error for the trial court to refuse to strike from the jury panel the names of the jurors who sat as jurors on the plea of privilege hearing. The record discloses that no testimony was introduced at such hearing touching on the issues of negligence or proximate cause, and no issues were submitted to the jury by the court. The testimony permitted to go before the jury concerned only the question of the local agency of the appellant. No harm has been shown to have resulted to appellant because of the refusal of the Court to strike the names of such jurors from the jury list. The appellant's contention in this regard is overruled. Art. 2134, R.S.; Mounce v. Crosson, 126 S.W. 912, 59 Tex.Civ.App. 533; Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395; San

Antonio Traction Co. v. Davis, Tex.Civ. App., 101 S.W. 554.

■ We overrule appellant's contention that the testimony was not sufficient to raise the issue nor to support the findings of the jury thereon in regard to setting aside the releases executed by the appellee. The appellee was a woman of little education or mental attainments who was suffering from grief and shock brought on by the sudden death of her husband. She entered into the agreement of settlement and release at a funeral home where her husband's body was lying and awaiting burial. Although the representative and attorney representing the bus company in these negotiations apparently acted in good faith and discussed the terms and effect of the settlement with her as fully as could have been expected of anyone, Mrs. Parks could not be deemed to be in such mental condition as to make her completely responsible for and bound by her acts at that time and under such circumstances. If the appellant were liable to her for the death of her husband the sum paid in consideration for the releases was inadequate. The evidence as a whole is not insufficient to support the findings of the jury in this regard. Ellis v. Mathews, 19 Tex. 390, 397, 70 Am.Dec. 353; Varner v. Carson, 59 Tex. 303; Smith v. Atchison, T. & S. F. R. Co., Tex.Com.App., 232 S.W. 290; Texas & N. O. R. Co. v. Goodwin, Tex.Civ.App., 40 S.W.2d 182.

■ We have made a careful and intensive review of the evidence in this case and have concluded that the appellant's first point must be sustained. The evidence does not raise the issue of discovered peril nor does it support the jury's verdict in its finding in favor of appellee on the issue of discovered peril, and the court should have granted the appellant's motion for judgment non obstante veredicto. The jury in its verdict found that the deceased was guilty of contributory negligence which proximately caused his death. Because of such findings the appellee's right to recovery for her husband's death can be sustained only if sufficient facts could be found in the testimony which would support the jury's finding in her favor on the issue of discovered peril. From the testimony it is seen that Parks was on and about the highway on which he was killed on two occasions earlier on that same morning. He had been almost run over by another vehicle a short time before he was killed. Immediately before he was struck by the bus of the appellant he was walking toward the highway, and the bus driver first saw him when the bus was some 100 feet away. Parks was about six feet from the highway when the bus driver first saw him. He continued to walk towards the highway. It can not be said with reason that Parks was in a position of peril when the driver of the bus first saw him. Likewise, it cannot be said that Parks was in a position of peril as he continued to walk toward the highway. The bus driver could assume that he or any other pedestrian would stop when he arrived at the edge of the busily travelled highway. From the testimony, when Parks did step forward on to the highway the bus driver then blew his horn, pulled to the left and applied the brakes to his vehicle. At the moment, the bus was almost upon Parks, being only 20 feet away according to the driver, and about 30 feet away according to the other witnesses. The doctrine of discovered peril does not arise unless and until the perilous position of the injured party becomes actually known to the one in charge of the instrument of danger. Within the view of the bus driver, Parks was first observed in a position of peril when he stepped upon the pavement of the highway. We are unable to see what other action could have been taken by the bus driver, then which would have avoided the striking of Parks after he saw him stepping on to the highway, there being no evidence in the record reasonably tending to prove that the driver either actually discovered or realized that Ira Parks was in a position of peril until that time. In the absence of such testimony, we believe that it was error for the trial court to refuse to grant the appellant's motion for judgment. See Texas & N. O. Ry. Co. v. Grace, et al., Tex.Sup., 188 S.W.2d 378; Magee v. Cavens, Tex.Civ.App., 197 S.W. 1015; Gulf, C. & S. F. Ry. Co. v. Barber, 60 Tex.Civ.App. 234, 127 S.W. 258; Panhandle & S. F. R. Co. v. Napier, 135 Tex. 314, 143 S.W.2d 754.

For the reasons stated, the judgment of the trial court is reversed and judgment rendered for the appellant.