### PARDUE CONST. CO. v. HOLLIS et al.
### No. 4469.

Court of Civil Appeals of Texas. Beaumont.

Sept. 18, 1947.

Rehearing Denied Oct. 15, 1947.

Cecil & Keith, of Beaumont, for appellant.

A. H. Boyd, of Rusk, and Fred A. White, of Pt. Arthur, for appellees.

MURRAY, Justice.

Hollis, one of the appellees, brought suit for damages for personal injuries against appellant, Pardue Construction Company, owned solely by W. N. Pardue, alleging in substance that while riding a bicycle in the course of his employment for The Texas Company at its refinery in Port Arthur, in Jefferson County, he was struck and run over by a truck owned by appellant, driven at the time by one Shilow, an employee of appellant. Maryland Casualty Company, compensation insurance carrier of The Texas Company, joined in the suit as a party plaintiff, alleging that it paid Hollis $5,780.52 as compensation and thereby became subrogated to any rights Hollis had against pardue and praying that it recover $8,000 out of any amount which Hollis should recover in his suit.

Trial was by jury in the district court of Jefferson County. In its verdict in answer to special issues submitted by the court, the jury found Shilow, appellant's employee, primarily negligent, found Hollis, appellee, guilty of contributory negligence, and also answered the issues in regard to discovered peril in favor of the appellee, Hollis. The appellant filed its motion to disregard the jury's findings concerning the issues of dis-

covered peril and prayed for judgment in his favor. The trial court overruled this motion and entered judgment for the appellees on the verdict of the jury in the amount of $7,500 and interest and costs. Of such amount $6,500 was apportioned to Maryland Casualty Company and $1,000 thereof was awarded to Fred A. White and A. H. Boyd as attorney's fees. Appellant's motion for new trial was overruled by the trial court and he has duly perfected his appeal to this court.

Appellant brings his appeal before this court on two points of error. His first point is that the trial court erred to his prejudice in excluding testimony tendered by him upon the trial concerning the degree of control over appellant's employees exercised by The Texas Company. His second point is that the trial court erred in overruling his motion to disregard the findings of the jury in regard to the issues concerning discovered peril and praying for judgment in his favor.

We believe that the appellant's second point must be sustained and it is therefore unnecessary to pass upon or discuss the first point.

Appellee Hollis was riding his bicycle upon one of the paved streets inside the refinery where he worked at the time he was injured. He was riding at a normal rate of speed on his right hand side of the street. Shilow, appellant's employee, was driving a Ford V-8 1941 dump truck along the same street in the same direction. The weather was clear and the truck was in good working order. A few feet beyond a railroad crossing which they both crossed, Shilow started to pass Hollis, his truck being out in approximately the center of the street, Hollis at about the same time started to turn to his left across the street, going, as he himself testified, at an angle of about 45 degrees across the street.. The handlebar of his bicycle struck the right side of the truck; some witnesses testify that it struck the right fender, Shilow says it hit his right door. At any rate, the handlebar and the right side of the truck came into collision. The collision knocked Hollis down and the wheels of the truck ran over him, causing him serious injuries.

Shilow testified that he stopped his truck within about 12 feet after the collision.

■ Before liability under the doctrine of discovered peril exists, there must be satisfactory proof that the person injured was in a position of peril, that the person charged with injuring him discovered him in such position of peril, realized his perilous position, and both discovered and realized such position of peril in time to have avoided injuring him by the use of means at his command. Airline Motor Coaches, Inc., v. Parks, Tex.Civ.App., 190 S.W.2d 142; Parks v. Airline Motor Coaches, Inc., Tex. Sup., 193 S.W.2d 967; Texas & N. O. Railroad Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378; Texas & N. O. Railroad Co. v. Krasoff, 144 Tex. 436, 191 S.W.2d 1; and cases in those recent cases.

■ In the instant case, we have searched the statement of facts in addition to studying the brief of appellees and we find the record does not contain any testimony that the driver of the appellant's truck discovered Hollis' position of peril until after his truck struck him. We are presented with the argument of appellees that since the street was clear, the weather fair, the truck's windshield clean, the brakes on the truck in good order, and a man on a bicycle directly in front of the truck was plainly visible to the driver, the man on the bicycle was in a position of peril when the truck was "swooping down" upon him and the driver must have seen him and realized his peril in time to have controlled the movements of the truck so as not to injure him. Such argument does not take into consideration the statement of the injured man that he was angling across the street to his left when he was struck, nor the unquestioned fact that the handlebar of the bicycle was in collision with the right side, either the fender or the door, of the truck. The perilous nature of Hollis' position did not arise from simply being on a bicycle on a paved street with a truck on the road behind him, although it must be admitted that such a position sometimes is not one of the utmost security, but his position became perilous when he started angling to his left across the street. According to the jury's finding, this act was negligence and a proximate

cause of the collision. There is no testimony that the truck driver at that time discovered Hollis in this position of peril in time to have prevented the collision and subsequent injury. We believe that the trial court erred in overruling the appellant's motion for judgment and to disregard the specified findings of the jury in regard to discovered peril.

The judgment of the district court is reversed and judgment is rendered for the appellant.